AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ DISTRICT OF MASSACHUSETTS _____

UNITED STATES OF AMERICA

V.

Christopher Lograsso
28 Richardson Street
Wakefield, MA

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 03-M00113-LPC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about October 11, 2002 and January 23, 2003 in Middlesex county, in the District of Massachusetts defendant(s) did, (Track Statutory Language of Offense) transport and cause to be transported, in interstate commerce, visual depictions of minors engaging in sexually explicit conduct; and did knowingly possess visual depictions of minors engaging in sexually explicit conduct which had been shipped or transported in interstate or foreign commerce

in violation of Title 18 United States Code, Section(s) 2552(a)(1) and (a)(4)(B).

I further state that I am a(n) Special Agent, FBI and that this complaint is based on the following
Official Title
facts:

see attached affidavit of David George

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant
DAVID GEORGE

Sworn to before me and subscribed in my presence,

November 20, 2003                    at            Boston, MA
Date                                                City and State

LAWRENCE P. COHEN
UNITED STATES MAGISTRATE JUDGE         _____
Name & Title of Judicial Officer                 Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

**AFFIDAVIT OF SPECIAL AGENT DAVID GEORGE**

I, David George, being duly sworn, hereby depose and say:

1. I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI"), United States Department of Justice, and have been so employed for over four years. I am currently assigned to the Cyber Crimes Squad of the Boston Field Office of the FBI. As a member of this squad, my responsibilities include the investigation of various criminal offenses, including the investigation of crimes involving the sexual exploitation of children.

2. This affidavit is submitted in support of a criminal complaint against Christopher Lograsso ("Lograsso"), charging him with transmission and possession of child pornography, in violation of 18 U.S.C. §§2252(a)(1) and (a)(4)(B).

3. The information set forth in this affidavit is based on an investigation conducted by this affiant and other law enforcement agents. It includes an undercover operation targeting the Internet, the execution of two search warrants, forensic examination of computer(s) and their storage media, and the interview of Lograsso and others. This affidavit does not contain every fact known to me with respect to this investigation. Rather, it contains those facts that I believe to be necessary to establish the requisite probable cause for the crimes charged.

**RELEVANT STATUTES**

4. Title 18, United States Code, Section 2252, makes it illegal for any person to knowingly transport, ship, receive, distribute, reproduce for distribution, sell, possess with intent to sell, or possess visual depictions that affect interstate commerce, if: (1) the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct; and (2) such visual depiction is of such conduct. Each subsection of Section 2252 specifically refers to computers as one means by which a visual depiction may be transported, shipped, received or distributed.

5. Title 18, United States Code, Section 2256 provides the definitions for Section 2252. A "minor" is any person under the age of 18 years old. "Sexually explicit conduct" includes actual or simulated sexual intercourse (including genital-genital, oral-genital, anal-genital, or oral-anal), bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person. "Producing" means producing, directing, manufacturing, issuing, publishing or advertising. A "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

6. For purposes of this affidavit, any individual below the age of 18 will be referred to as a "child" or "minor," and any

visual depiction of a child or minor engaging in "sexually explicit conduct", as that term is defined in Title 18, United States Code, Section 2256, will be referred to as "child pornography."

## BACKGROUND

7. The FBI currently is conducting a national online undercover operation, entitled Innocent Images, targeting individuals who use computers and online telecommunications facilities to transmit and receive child pornography and/or to lure children into illicit sexual relationships.

8. Based upon your affiant's knowledge and training, and the experience of other law enforcement personnel, your affiant knows that a computer's ability to store images in digital form makes them an ideal repository for child pornography. Images can be stored internally in a computer on its "hard drive," externally on "floppy" disks of several sizes and capacities, or removable media storage devices. A single floppy disk can store dozens of images and hundreds of pages of text. The storage capacities of the electronic storage media (hard drives and floppy disks) used in home computers has grown tremendously within the last several years. Hard drives with the capacity of many gigabytes are not uncommon. These drives can store thousands of images at a very high resolution.

9. Based upon your affiant's knowledge and training, and the experience of other law enforcement personnel, your affiant

knows that:

    a. the Internet is a worldwide computer network which connects computers and allows communications and the transfer of data and information across state and national boundaries.

    b. Individuals who use the Internet can communicate with each other by using electronic mail, also known and referred to herein as "e-mail." E-mail is an electronic form of communication which can contain letter-type correspondence and attached graphic images. E-mail is similar to conventional paper-type mail in that it is addressed from one individual to another. E-mail messages usually contain a header which gives the screen name, the identity of the Internet service provider, and the return address on the Internet of the individual who originated the message or graphic.

    c. Users access the Internet via an Internet Service Provider ("ISP") using various devices (such as a computer, personal data assistant, mobile phone). The ISP assigns each device with an Internet Protocol ("IP") address. Each IP address is unique.

    d. Internet Relay Chat ("IRC") is a program that allows users to communicate and transfer files via the Internet. Communications can occur privately between two users or among a group. Group communication is

commonly referred to as a "channel" or "chat room." Users can individually create, control, and enter a "channel." If a "channel" is set on "private" or "invite only," a user must be allowed entry. The name of a "channel" generally stems from the topic discussed therein. Private communication between two users is commonly referred to as "private messaging" or "direct client-to-client" ("DCC"). DCC allows users to exchange computer graphic image files. A user accesses IRC by having his computer system dial his or her ISP, receive an IP number, and then connect to an IRC server via the IRC client software. IRC servers are located throughout the world. Generally, the most efficient IRC server for a user is the server with the quickest data transfer response time, which normally is the server located closest to the user. If that server will not permit the connection, it is possible that it already has the maximum number of users, and the user must try to connect to another IRC server. The connection to the IRC server applies only in IRC, not for the other features of the Internet. The server that the user connects to is connected with other servers throughout the world. This group of servers follows a specific protocol so that they can communicate among one another. Some of the most common

IRC networks are called "DALnet," "EFnet," "Undernet,, and "IRC-Net." An individual server can have anywhere from one to several thousand users connected. An IRC network can contain anywhere from one to thousands of servers communicating in a network. An IRC user is specifically identified by the nickname that he or she entered in connecting to an IRC server. A user can change his or her nickname at any time and use a nickname that someone else previously might have used.

e.  A computer user connected to the Internet can transport an image file from the Internet or from another user's computer to his own computer, so that the image file is stored in his computer. The process of transporting an image file to one's own computer from the Internet is called "downloading." The user can then display the image file on his computer screen, and can "save" or retain the image on his computer, or on external storage devices, for an indefinite time period. In addition to permanently storing the image on his computer, the user may print the image file. The finished product will appear as a magazine quality picture to be stored or distributed to other collectors. The original image that was transported is maintained in the computer.

f.  Via the Internet, a computer user can also send an

6

image file that is retained in his computer to another individual or to areas of the Internet where it can be accessed by many other computer users. This process of sending an image file to another location or computer via the Internet is called "uploading." The process of "uploading" is similar to the "downloading" process, except the user is sending the computer image file to the individual or to the Internet as a whole instead of retrieving the information from another computer.

g.  One means by which individuals will collect and trade child pornography through the use of computers (besides e-mail) is through a Fileserver, commonly referred to as a "F-serve." F-serve is a program that allows a user of the program to trade image files with other persons using personal computers. In essence, the F-serve allows an individual to query the database of the holder of the F-serve through the Internet and trade pictures based on a system of credits. An individual querying a database is allowed to download a predesignated number of images (measured in computer bytes) based on the number of images (measured in computer bytes) that an individual uploads into the database as a trade. For example, one picture may contain 200,000 bytes of data. When an individual uploads a picture into an F-serve, the computer will

7

credit that person with 200,000 bytes.  The holder of the F-serve may set a ratio for exchange of bytes of data at any level.  In our example, if the person holding the F-serve sets a 3:1 ratio, the person uploading the picture receives 600,000 bytes of data as credit for the 200,000 bytes of data uploaded.  This credit may then be expended by downloading 600,000 bytes of data from the holder of the F-serve into another computer.

### CURRENT INVESTIGATION

10.  On October 11, 2002, FBI Detroit Division SA Matthew Zentz, acting in an undercover capacity, logged onto the DALnet IRC system from the FBI's office in Detroit, in search of individuals distributing child pornography via the Internet, utilizing predicated chatrooms.  SA Zentz utilized IRC in search of individuals allowing access to their computer system for the purpose of file sharing through the use of F-serves.  Using an undercover identity, SA Zentz entered a predicated chatroom entitled #0!!!!!!!!!!!!!!preteen101, in which a number of F-serves were being advertised.  SA Zentz entered the F-serve operated by an individual using the IRC nickname "acerdave1212" with an assigned IP address of 209.6.193.5.  The trigger command used to enter this F-serve was !sexy.  Once logged on to the F-serve, SA Zentz was able to view a directory listing of images acerdave1212 was making available for download.  SA Zentz logged on at 0950

8

EDT, and logged off at 1042 EDT.

11. During the above time period, SA Zentz downloaded seventeen (17) image files from the F-serve hosted by "acerdave1212." I reviewed the images contained in those files, and based on my experience and training, fifteen (15) of those files contain visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. §2256. Five (5) of the fifteen image files contain what appear to be a sequence of images of the same pre-pubescent female engaging in sexually explicit conduct with the same adult female. In one image, the child is laying back with her legs spread, and the adult female is placing her tongue in/along the child's genitalia. In another the child is sitting down with her legs open, with another person's fingers in/along her genitalia. In another, the child is on her knees facing the adult female, who is placing her tongue in/along the child's genitalia. In another, the child is on her knees and has her hand on the penis of what appears to be an adult male, with the penis in/along the adult female's genitalia. In the last of these five images, the child is standing over the adult female, who is laying down and has her hand in/along the child's genitalia.

12. Ten of the fifteen images depict what appear to be minor females in sexually explicit poses. Eight of the ten appear to be of the same female. The file names for these eight images include the phrase "11_yr_old_posing." The remaining two

9

of the ten images appear to be of different pre-pubescent females. One of them has the file name "11-yr-emily2."

13. The registered owner of the IP address 209.6.193.5 is RCN Corporation ("RCN"), an ISP located at 105 Carnegie Center, Princeton, New Jersey. On October 11, 2002, SA Zentz served an administrative subpoena on RCN in order to obtain subscriber information for the account holder utilizing the IP address 209.6.193.5, on October 11, 2002, during the time period 1000 EDT through 1045 EDT.

14. On October 18, 2002, RCN provided subscriber information for the IP address 209.6.193.5, during the time period 1000 EDT through 1045 EDT, on October 11, 2002. This IP address was assigned to a cable modem account, with a unique media access control ("MAC") address of 00:00:39:5c:60:4e. According to RCN's records, this account is subscribed to by Daniel Muse ("Muse"), at 28 Richardson Street, #2, Wakefield, Massachusetts.

15. Based, in part, on the above information, a search warrant was obtained on January 21, 2003 from the United States District Court for the District of Massachusetts authorizing the search of the residence of Muse at Apartment 2 at 28 Richardson Street, Wakefield, Massachusetts (Criminal No. 03-M-0018-LPC-01). The warrant authorized the search for and seizure of, among other items, any computer systems, related storage media, and depictions of child pornography.

16. On January 23, 2003, I and fellow law enforcement officers executed the search warrant at Muse's residence. The search began at 6:15 am, and both Muse and his wife were present and consented to be interviewed. From those interviews, I learned the following. Muse had lived in his current apartment with his wife and three children for about three years. He had a Compaq desktop computer that had a cable Internet connection provided by RCN. RCN had installed the Internet connection about five or six months ago with the assistance of Muse's downstairs neighbor, Lograsso, who is also the son of the owner of 28 Richardson Street. Lograsso regularly serviced Muse's computer, installed software, and shared Muse's RCN cable Internet connection through a connection to his own computer system in his downstairs apartment. A network cable plugged into the back of Muse's computer ran through a hole in the floor to the common entrance way on the first floor, and from there through a hole to the basement area. Muse denied ever entering child-oriented chatrooms, intentionally downloading child pornography, or knowing of or using the screenname "acerdave1212."

17. During the search, agents accompanied Muse's wife to the area of the basement where she regularly used the laundry equipment. They observed more than a dozen computer monitors, computer cases, and other computer parts. Lograsso was in the basement area at this time and consented to be interviewed by your affiant and a fellow agent. Lograsso advised that he had

11

connected the cable signal for Muse's Internet service to a computer network and connected four computers to the network. He stated that he uses the username "acerdave1212" and set up the F-serve approximately four months ago. He further stated that Muse did not have access to the F-serve.

18. Based, in part, on the information above, agents secured the basement area of 28 Richardson Street and Lograsso's apartment in that building, and thereafter a second search warrant was obtained on January 23, 2003, from the United States District Court for the District of Massachusetts (Criminal No. 03-M-0018-LPC-02) authorizing the search of Lograsso's apartment and the basement area of 28 Richardson Street, Wakefield, Massachusetts. The warrant authorized the search for and seizure of, among other items, any computer systems, related storage media, and depictions of child pornography.

19. On January 23, 2003, I and fellow law enforcement officers executed the second search warrant at 28 Richardson Street, Wakefield, Massachusetts. The search began at about 12:55 pm. A number of computers and computer equipment were seized from Lograsso's apartment and the basement area of 28 Richardson Street.

20. In July 2003, an FBI CART Forensic Examiner conducted a digital forensic examination of the computer equipment removed from Lograsso's apartment and basement area. In particular, files were copied from two different hard drives to two separate

compact disks for further review.

21. One of the compact disks contained images from a Maxtor 80 GB hard drive taken from Lograsso's apartment. The disk was later (in September 2003) reviewed by personnel at the FBI's Innocent Images Project in Baltimore, MD. The purpose of the review was to determine whether any of the images contained thereon, which depicted what appeared to be minors engaging in sexually explicit conduct, matched to any known child victims in the Child Victim Identification Program and the Child Exploitation and Obscenity Reference File. Over 600 images were recognized as involving known child victims or having come from books/magazines. For instance, 26 images were recognized as part of the "Cindy series." The child victim was photographed by her father over a three to four year time period starting in 1995 or 1996. Among the file names were "(5-8y)dadrape01," "2188_! Cindy suck dady." Sixty-six images were recognized as part of the "Sabban series." The images were produced by a Brazilian over a four to five year period starting in 1995. The adult in some of the images is the wife of the producer. Among the file names were "722_illegal_preteens," "745 _little_girlie_2_teen_boys," and 749_childfuck11."

## CONCLUSION

22. Based on the foregoing facts, I believe that probable cause exists to conclude that on October 11, 2002, and earlier dates, Christopher Lograsso did, transport and cause to be

transported, in interstate commerce visual depictions of minors engaging in sexually explicit conduct; and did on January 23, 2003, knowingly possess visual depictions of minors engaging in sexually explicit conduct which had been shipped or transported in interstate or foreign commerce, in violation of Title 18, United States Code, Section 2252(a)(1) and (a)(4)(B).

DAVID GEORGE
Special Agent, FBI

Subscribed and sworn to before me this 20th day of November 2003.

LAWRENCE P. COHEN
United States Magistrate Judge

JS 45 (5/97) - (Revised USAO MA 3/25/02)

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |

**Place of Offense:**   Category No. __II__   Investigating Agency __FBI__

City __Wakefield__   **Related Case Information:**

County __Middlesex__   Superseding Ind./ Inf. _____   Case No. _____
Same Defendant _____   New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number __03-M-0018-LPC (01 and 02)__
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __Christopher Lograsso__   Juvenile ☐ Yes ☒ No

Alias Name _____

Address __28 Richardson Street, Walefield, MA__

Birth date: __1979__   SS#: __-1533__   Sex: __M__   Race: _____   Nationality: _____

Defense Counsel if known: __Steven J. Rappaport__   Address: __Rappaport & Delaney__
__Lowell, MA__

Bar Number: _____

**U.S. Attorney Information:**

AUSA __Timothy Q. Feeley__   Bar Number if applicable __160950__

Interpreter: ☐ Yes ☒ No   List language and/or dialect: _____

Matter to be SEALED: ☐ Yes ☒ No

☐ Warrant Requested   ☒ Regular Process   ☐ In Custody

**Location Status:**

Arrest Date: _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____   ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by _____ on _____

Charging Document:   ☒ Complaint   ☐ Information   ☐ Indictment

Total # of Counts:   ☐ Petty _____   ☐ Misdemeanor _____   ☒ Felony __2__

Continue on Page 2 for Entry of U.S.C. Citations

☒   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: 11/20/2003   Signature of AUSA: _/s/ Timothy Q. Feeley_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant      Christopher Lograsso

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 U.S.C. §2252(a)(1) | Transportation of Child Pornography | 1 |
| Set 2  18 U.S.C. §2252(a)(4)(B) | Possession of Child Pornography | 2 |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION: _____

js45.wpd - 3/13/02