

**U.S. Department of Justice**

• *United States Attorney*
*District of Massachusetts*

---

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

February 5, 2004

Steven J. Rappaport, Esq.
Rappaport & Delaney
228 Central Street
Lowell, MA 01852-2201

    Re:  <u>United States v. Christopher Lograsso</u>
         Criminal No. 03-M-00113-LPC

Dear Mr. Rappaport:

    This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, Defendant Christopher Lograsso
("Defendant"), in the above-captioned case.  The Agreement is as
follows:

    1.   <u>Plea</u>

    On or before February 27, 2004, or as soon thereafter as the
Court may schedule, Defendant shall waive indictment and plead
guilty to a two-count information (with forfeiture allegations)
charging him with distributing and possessing child pornography,
in violation of 18 U.S.C. §§2252(a)(2) and (a)(4)(B).  A copy of
the information is attached hereto.  Defendant expressly and
unequivocally admits that he in fact knowingly and intentionally
committed the crimes charged in the Information, and is in fact
guilty of the charged offense.

    2.   <u>Penalties</u>

    Defendant faces the following maximum penalties: on count
one of the information, 20 years imprisonment, a fine of
$250,000, three years of supervised release, a $100 special
assessment, as well as forfeiture as alleged in the information;
on count two of the information, ten years imprisonment, a fine
of $250,000, three years of supervised release, a $100 special
assessment, and forfeiture as referenced above.

3.    Sentencing Guidelines

The U.S. Attorney will take the following positions at sentencing under the United States Sentencing Guidelines:

a.    U.S.S.G. §2G2.2, in the guideline book incorporating guideline amendments effective November 1, 2002, is the applicable sentencing guideline, and provides a base offense level of 17;

b.    U.S.S.G. §2G2.2(b)(1) is applicable as the material involved a prepubescent minor or a minor under the age of 12 years, requiring an increase in the BOL of 2;

c.    U.S.S.G. §2G2(b)(2)(B) is applicable as Defendant distributed child pornography for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, requiring an increase in the BOL of 5;

d.    U.S.S.G. §2G2.2(b)(5) is applicable as a computer was used for the transmission of material or a notice or advertisement of the material, requiring an increase in the BOL of 2;

e.    If defendant continues to comport himself in a manner that is consistent with full acceptance of responsibility (see below), his BOL should be reduced by three levels pursuant to U.S.S.G. §3E1.1(a).

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a)    Fails to admit a complete factual basis for the plea;

(b)    Fails to truthfully admit his conduct in the offenses of conviction;

(c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under

2

U.S.S.G. § 1B1.3;

(d)  Fails to provide truthful information about his
     financial status;

(e)  Gives false or misleading testimony in any
     proceeding relating to the criminal conduct
     charged in this case and any relevant conduct for
     which Defendant is accountable under U.S.S.G. §
     1B1.3;

(f)  Engages in acts which form a basis for finding
     that Defendant has obstructed or impeded the
     administration of justice under U.S.S.G. § 3C1.1;

(g)  Intentionally fails to appear in Court or violates
     any condition of release;

(h)  Commits a crime;

(i)  Transfers any asset protected under any provision
     of this Agreement; and/or

(j)  Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his
plea of guilty if, for any of the reasons listed above, the U.S.
Attorney does not recommend that he receive a reduction in
Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to
declining to recommend an acceptance-of-responsibility
adjustment, the Government may seek an upward adjustment pursuant
to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date
of this Agreement.

4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence
before the District Court:

(a)  a period of incarceration at the low-end of the
     applicable guideline sentencing range;

(b)  a fine within the applicable guideline range,
     unless the court finds pursuant U.S.S.G.
     § 5E1.2(e) that Defendant is not able and, even
     with the use of a reasonable installment schedule,

is not likely to become able to pay a fine;

(c)  no restitution;

(d)  $200 mandatory special assessment;

(e)  three years supervised release, with mental health
     and sex offender treatment conditions;

(f)  forfeiture as alleged in the Information.

The Defendant agrees that if he intends to seek a downward
departure from the United States Sentencing Guidelines, he will
give the U.S. Attorney at least 14 days written notice of the
grounds for any such motion.  If any such departure is granted,
the U.S. Attorney reserves the right to recommend a sentence
other than as noted above.

In the event of an appeal from, or collateral challenge to,
Defendant's sentence, the U.S. Attorney reserves his right to
argue the correctness of Defendant's sentence and the manner in
which the District Court determines it.

### 5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to
the Clerk of the Court on or before the date of sentencing,
unless Defendant establishes to the satisfaction of the Court
that Defendant is financially unable to do so.

### 6.   Cooperation

#### a.   Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement
agents and government attorneys.  He must provide complete and
truthful information to all law enforcement personnel.  If his
testimony is requested, he must testify truthfully and completely
before any grand jury, and at any hearing and trial.  Defendant
must answer all questions put to him by any law enforcement
agents or government attorneys and must not withhold any
information. He must not attempt to protect any person or entity
through false information or omission, or to implicate falsely
any person or entity.  Upon request, he must furnish all
documents, objects and other evidence in his possession, custody
or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel

4

present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify.  This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete.  Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced.  Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

b.    Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney  will make a motion under U.S.S.G. § 5K1.1, so that the sentencing court may impose a sentence below that which otherwise would be required under the Sentencing Guidelines.  The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review.  The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 9(a) above, or engages in any criminal conduct after the date he signs this Agreement.  Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

c.    Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all the provisions of paragraphs 9(a) and (b) above, the U.S.

5

Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant. The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing, notwithstanding paragraph 4 above.

        d.    Letter Immunity

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

        7.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole

discretion of the sentencing judge.  Defendant's plea will be
tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B).  Defendant may
not withdraw his plea of guilty regardless of what sentence is
imposed.  Nor may Defendant withdraw his plea because the U.S.
Probation Office or the sentencing judge declines to follow the
Sentencing Guidelines calculations or recommendations of the
parties.  In the event that the sentencing judge declines to
follow the Sentencing Guidelines calculations or recommendations
of the U.S. Attorney, the U.S. Attorney reserves the right to
defend the sentencing judge's calculations and sentence in any
subsequent appeal or collateral challenge.

### 8.    Forfeiture

Defendant will forfeit to the United States any and all
assets subject to forfeiture pursuant to 18 U.S.C. 2253(a) as a
result of his guilty plea, as alleged in the forfeiture
allegations of the Information.

Defendant hereby waives and releases any and all claims he
may have to any personal property seized by the United States, or
seized by any state or local law enforcement agency and turned
over to the United States, during the investigation and
prosecution of this case, and consents to the forfeiture of all
such assets.  Without limiting the generality of the foregoing,
Defendant hereby specifically waives and releases his claims to
the computers and related items seized by, or turned over to, the
FBI on or about January 23, 2003.

### 9.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not
compromise any civil liability, including but not limited to any
tax liability, which Defendant may have incurred or may incur as
a result of his conduct and his plea of guilty to the charges
specified in paragraph one of this Agreement.

### 10.    Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court
for whatever reason, or later be withdrawn on motion of
Defendant, this Agreement shall be null and void at the option of
the U.S. Attorney.

### 11.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to
comply with any provision of this Agreement, has violated any

7

condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation.  In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

   12.   Who Is Bound By Agreement

    This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

   13.   Complete Agreement

    This letter contains the complete and only agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

    If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the

Acknowledgment of Agreement below.  Please also sign below as
Witness.  Return the original of this letter to Assistant U.S.
Attorney Timothy Q. Feeley.

                         Very truly yours,
                         MICHAEL J. SULLIVAN
                         United States Attorney

                    By: _____
                         STEPHEN P. HEYMANN
                         Dep. Chief, Criminal Division

                         TIMOTHY Q. FEELEY
                         Assistant U.S. Attorney


                ACKNOWLEDGMENT OF PLEA AGREEMENT

        I have read this letter in its entirety and discussed it
with my attorney.  I hereby acknowledge that it fully sets forth
my agreement with the United States Attorney's Office for the
District of Massachusetts.  I further state that no additional
promises or representations have been made to me by any official
of the United States in connection with this matter. I understand
the crimes to which I have agreed to plead guilty, the maximum
penalties for those offenses and Sentencing Guideline penalties
potentially applicable to them.  I am satisfied with the legal
representation provided to me by my attorney.  We have had
sufficient time to meet and discuss my case.  We have discussed
the charges against me, possible defenses I might have, the terms
of this Plea Agreement and whether I should go to trial.  I am
entering into this Agreement freely, voluntarily, and knowingly
because I am guilty of the offenses to which I am pleading guilty
and I believe this Agreement is in my best interest.

                         _____
                         CHRISTOPHER LOGRASSO
                         Defendant

                         Date: 2/23/04


        I certify that Christopher Lograsso has read this Agreement
and that we have discussed its meaning.  I believe he understands

                              9

the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

STEVEN J. RAPPAPORT, ESQ.
Attorney for Defendant

Date: 2/23/04