UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CHRISTOPHER LOGRASSO )<br>_____) | CRIMINAL ACTION<br>NO. 04-10058-MEL |

### DEFENDANT'S MOTION FOR IMPOSITION OF SENTENCE BELOW THE APPLICABLE GUIDELINE

The defendant, Christopher LoGrasso, pursuant to 18 U.S.C. Secs. 3553(b) and 3553(a)(1) and U.S.S.G. secs. 5K2.0 p.s., 5K2.13 (Departures) and 5H1 (specific offender characteristics), requests that this court impose a sentence outside the range established by the applicable guideline for the reason that there exists mitigating circumstances of kinds and to degrees not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.

As grounds for downward departure, the defendant submits that he was convicted of a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, and that this reduced mental capacity, as evidenced by the PreSentence Report and the report of Georgia Green, LICSW, the defendant's treating therapist, marked "A", submitted herewith and incorporated by reference herein, contributed to the commission of the offenses. (Ms. Green's

c.v. is appended hereto and marked as "B"). Furthermore, the defendant's criminal history does not indicate a need for incarceration to protect the public. U.S.S.G. Sec. 5K2.13.

As further grounds for imposition of a sentence below the applicable range, the defendant relies upon his "extraordinary rehabilitation", see, United States v. Sklar, 902 F.2d 107 (1st. Cir. 1990); United States v. Craven, 358 F.3d 11 (1st Cir. 2004).

As further grounds for imposition of a sentence below the applicable range, the defendant relies upon his extraordinary vulnerability to abuse in prison, see Koon v. United States, 518 U.S. 81 (1996).

As further grounds for imposition of a sentence below the applicable range, the defendant relies upon his tragic family history which caused the defendant to incur a mental or emotional condition that may have affected his criminal conduct, see United States v. Vela, 927 F.2d 197 (5th Cir. 1991).

Finally, the defendant submits that the unique factors presented in his case, alone or combination, warrant a downward departure from the sentencing guidelines, see United States v. Grandmaison, 77 F.3d 555 (1st Cir. 1996).

In further support of this motion the defendant submits that the guidelines contained in the Guideline Manual issued 11/1/02 are the guidelines in effect at the time of the commission of the defendant's offenses (see PSR, ¶25). Hence, the application of the guideline amendments effective

April 30, 2003 (the "Feeney Amendment" to the PROTECT Act, Pub. L. 108-21, § 401), to wit:

1. Increasing child pornography penalties in §2G2.2 and §2G2.4, based on the number images;

2. Allowing the third level reduction for acceptance of responsibility in §3E1.1 only on motion of the government if the defendant pleads guilty before the government begins trial preparation;

3. Limiting other downward departures to those listed in chapter 5K; and,

4. Barring departures for diminished capacity under §5K2.13,

and the amendments effective October 27, 2003, to wit:

1. Limiting departures for diminished capacity under §5K2.13 by requiring that the significantly reduced mental capacity must have contributed substantially to the commission of the offense, and

2: Limiting multiple circumstances departures to those identified in the guidelines as permissible grounds for departure thus barring the use of unmentioned circumstances are inapplicable to the defendant's case, see Miller v. Florida, 482 U.S. 423 (1987); United States v. Johns, 5F.3d 1267 (9th Cir. 1993). See United States Constitution, art. I, § 9, cl. 3 providing that neither Congress nor any State shall pass any "ex post facto law."

The defendant submits herewith, and incorporates by reference herein, a memorandum in support of this motion, laying out the factual and legal considerations which support a downward departure.

Respectfully submitted,

CHRISTOPHER LOGRASSO
By his attorney:

Steven J. Rappaport
Rappaport & Delaney
228 Central Street
Lowell, MA 01852
(978) 454-8103
BBO# 412300