UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> CHRISTOPHER LOGRASSO ) <br> ) | CRIMINAL ACTION <br> NO. 04-10058-MEL |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF OBJECTIONS

OBJECTION #1: ¶32

The Application Note to §2G2.2(b)(2)(B) defines a "thing of value" to mean anything of valuable consideration. For example, in a case involving the bartering of child pornographic material, the "thing of value" is the child pornographic material bartered in consideration for the material received. A "transaction" includes bartering or other in-kind transaction for a thing of value.

The defendant objects to the 5 level enhancement pursuant to 2G2.2(b)(2)(B).

While it is beyond dispute that FBI Special Agent Matthew Zentz was able to access the defendant's F-Serve and download image files containing visual depictions of minors engaged in sexually explicit conduct, there is no indication what, if anything, S.A. Zentz uploaded to the defendant's F-Serve in exchange for the downloaded image files. Indeed, it is unlikely that S.A.

Zentz ever transferred a thing of value (i.e. additional child pornographic material) to the defendant or his F-Serve.

While the defendant accepts responsibility for the offense conduct, i.e. distribution of child pornography, the defendant denies that he did so for the receipt or expectation of receipt, of a thing of value to himself.

The burden is on the government to demonstrate the defendant's expectation of receiving pornographic images in exchange for the images he sent. The enhancement does not apply where the dissemination is without expectation that a trade, barter or exchange of images was to be accomplished. United States v. Imgrund, 208 F.3d 213, 218 (6th Cir. 2002). See United States v. Boyd, 312 F.3d 213, 218 (6th Cir. 2002). (Boyd attempted to locate another person with whom to share child pornography. Where it was not possible on the record to discern the nature of the material received by Boyd, the application of the five level enhancement pursuant to 2G2.2(b)(2)(B) was reversed). See United States v. Laney, 189 F.3d 954, 961 (9th Cir. 1999) (The enhancement does not apply to gratuitous delivery of pornographic material). Cases documenting the application of this enhancement have involved evidence of active trading by defendants. Compare United States v. Brown, 333 F.3d 850 (7th Cir. 2003) (District Court found that Brown actively bartered or exchanged child pornography in order to acquire more pornography); United States v. Horn, 187 F.3d 781 (8th Cir. 1999) (Evidence that defendant was an active trader); United States v.

Garrett, 190 F.3d 1220 (11th Cir. 1999) (Evidence of active contact between defendant and undercover agent) with the instant case where there is no evidence of any "active conduct" by the defendant to demonstrate the defendant's expectation of a thing of value in exchange for the images disseminated by the defendant.

OBJECTION #2:  ¶3

The defendant objects to the 2 level enhancement pursuant to 2G2.2(b)(5)

Assuming, arguendo, that the 2G2.2(b)(2)(B) enhancement does apply in this case, the instant enhancement is redundant, i.e., it covers the same essential conduct outlined in the Government's statement of the offense. Because there is no evidence that the defendant was an active trader, without the use of the computer, the specific offense conduct leading to the enhancement pursuant to ¶32 could not have been accomplished. Application of both enhancements would subject the defendant to multiple enhancements for the same conduct.

> Respectfully submitted,
> CHRISTOPHER LOGRASSO
> By his attorney:
>
> Steven J. Rappaport
> Rappaport & Delaney
> 228 Central Street
> Lowell, MA  01852
> (978) 454-8103
> BBO# 412300